UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY BLAKE,<br><br>            Plaintiff,<br><br>    v.<br><br>LACONDRA TIBBETTS,<br><br>            Defendant. | CASE NO. 3:23-cv-05113-DGE<br><br>ORDER GRANTING MOTION TO REMAND (DKT. NO. 18) |

This case stems from a complaint filed by Plaintiff Harry Blake in the Grays Harbor County Superior Court on January 9, 2023.  (Dkt. No. 1-1.)  As alleged in the complaint, Plaintiff's wife, Cyndi Blake, "purchased life insurance policies with funds she earned was wages during her long-term marriage to Plaintiff."  (*Id*.)  The funds used to purchase the life insurance policies were community property.  (*Id*.)  Ms. Blake named her daughter, Defendant LaCondra Tibbets, as the beneficiary of the life insurance policies.  (*Id.* at 2.)  Cyndi Blake passed away on March 13, 2022.  (*Id.*)  After Ms. Blake died, Defendant received at least $335,000 from the life insurance policies.  (*Id.*)  Plaintiff's attorney wrote to Defendant claiming

ORDER GRANTING MOTION TO REMAND (DKT. NO. 18) - 1

the insurance policy was community property under Washington law, and that Plaintiff was entitled to half the proceeds. (*Id.*) Plaintiff contends Defendant refused to give him his share of the proceeds. (*Id.*)

On February 10, 2023, Defendant filed a Notice of Removal with this Court, arguing the Court has federal question jurisdiction because Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. No. 1.) On December 21, 2023, Plaintiff filed a motion to dismiss this case for lack of standing. (Dkt. No. 10.) On January 18, 2024, Plaintiff filed a motion to remand this case to the Grays Harbor County Superior Court, arguing the Court lacks federal question jurisdiction. (Dkt. No. 18.)

On May 23, 2024, the Court requested supplemental briefing after identifying that federal question subject matter jurisdiction is based on the complaint and that a defense premised on federal law is insufficient to give rise to subject matter jurisdiction. (Dkt. No. 25 at 1–2.) The Court asked the Parties to identify any flaws in its analysis. (*Id*. at 2–3.)

In response, Defendant reiterated its prior position on removal but failed to address the issues raised in the Court's supplemental briefing request. (*See generally* Dkt. No. 28.) Plaintiff agreed with the Court's analysis. (Dkt. No. 26.)

Here, federal question jurisdiction is not apparent from the face of Plaintiff's state court complaint, which alleges a cause of action based on state community property laws. (Dkt. No. 1-1 at 2) ("Because life insurance policies, their proceeds and the funds to purchase their life insurance policies were all community property, Plaintiff is entitled to one-half of the proceeds."). The complaint contains no facts asserting the life insurance policy at issue was the subject of an employee benefit plan (either private or governmental).

ORDER GRANTING MOTION TO REMAND (DKT. NO. 18) - 2

A "plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal citation omitted). "The general rule is that a defense of federal preemption of a state-law claim . . . is an insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)."[1] *Id.* Because the defense of federal preemption is Defendant's only basis for removal, the Court does not have subject matter jurisdiction over this claim, and Plaintiff's motion to remand is GRANTED.

Plaintiff seeks attorney fees incurred in filing his motion to remand pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 18 at 7–8.) Under § 1447(c), an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts generally only award fees under

---

[1] An exception to this general rule is the doctrine of complete preemption. "If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a) [of ERISA], that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal citation and quotation marks omitted). The parties' supplemental briefs (Dkt. Nos. 26, 28) do not address whether complete preemption exists in this case.

A cause of action is completely preempted by ERISA § 502(a)(1)(B) if: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and, (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Under § 502(a)(1)(B), a civil action may be brought by an ERISA plan participant or beneficiary seeking to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Because Plaintiff is not an ERISA plan participant or beneficiary, he could not have brought his claim under § 502(a)(1)(B), and complete preemption does not apply in this case. "Only plan participants, designated beneficiaries, plan fiduciaries, and the Secretary of Labor have standing to assert an ERISA claim." *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1119 (C.D. Cal. Oct. 15, 2015), citing 29 U.S.C. § 1132(a).

28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, it was debatable whether Defendant had an objectively reasonable basis for seeking removal considering Defendant's understanding of the facts.  As such, the Court will not award costs.

Plaintiff's motion to remand this case to the to the Grays Harbor County Superior Court (Dkt. No. 18) is GRANTED.  Defendant's motion to dismiss (Dkt. No. 10) is DENIED as moot.

Dated this 3rd day of June, 2024.

David G. Estudillo
United States District Judge